**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ROMAN ALVARADO,**

Plaintiff

v. No. 2:25-cv-0721 KG/DLM

**STATE OF NEW MEXICO, DEPARTMENT OF PUBLIC SAFETY, et al.**,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Opposed Motion for a Protective Order to Stay Discovery Pursuant to the Doctrine of Qualified Immunity Pending a Decision on State Defendants' Motion for Summary Judgment on All Claims (Doc. 75) and Plaintiff's Motion to Compel State Defendants' Responses to Plaintiff's First Set of Discovery (Doc. 79). For the reasons outlined in this opinion, the Court **GRANTS** Defendants' motion, **STAYS** discovery in this matter, and **DENIES** Plaintiff's motion as moot.

## I. Background

On July 30, 2025, Plaintiff Roman Alvarado filed this lawsuit, bringing federal and state claims against Defendants the State of New Mexico, the New Mexico Department of Public Safety, Officer Leonel Mendez, the City of Hobbs, Officer Andrew Lane, and Officer Ashley Herrera. (*See* Doc. 1 at 1.) Alvarado's claims stem from an allegedly unlawful stop and arrest. (*See id.* ¶¶ 10–33.) In June 2026, the Court dismissed with prejudice the claims against the City of Hobbs, Lane, and Herrera pursuant to joint motions to dismiss. (*See* Docs. 51–54.) The claims against the State of New Mexico, the Department of Public Safety, and Mendez remain.

Alvarado filed two motions for summary judgment on March 20, 2026. (Doc. 29–30.)

Those motions are pending. The Court held a scheduling conference on August 14, 2026, and set discovery deadlines. (*See* Doc. 67.)

On September 6, 2026, Defendants filed a Motion for Summary Judgment on All Claims. (Doc. 73.) Defendants argue that Mendez is entitled to qualified immunity on all claims brought under 42 U.S.C. § 1983 and that Alvarado's remaining claims fail as a matter of law. (*See id.*) Defendants simultaneously filed their motion to stay discovery and for a protective order pending resolution of their dispositive motion. (Doc. 75.)

Alvarado responded in opposition to Defendants' motions. (*See, e.g.*, Docs. 78; 84.) He also filed two separate motions seeking discovery: a Motion to Compel State Defendants' Responses to Plaintiff's First Set of Discovery (Doc. 79) and a Motion for Leave to File Rule 56(d) Affidavit and to Conduct Limited Discovery (Doc. 80). Alvarado essentially makes the same argument in his response briefs and in his own motions: he contends that he requires limited discovery to adequately respond to the motion for summary judgment. (*See, e.g.*, Docs. 78 at 4–10; 79 at 9–10; 80; 84 at 3–4, 9, 21.)

## II. Legal Standards

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a). "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. 2:17-cv-0809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-0758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)).

Federal Rule of Civil Procedure 26(c) allows a party from whom discovery is sought to move for a protective order. The movant must show good cause for the order. *See Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (citation omitted). "The court may grant

a protective order when it is necessary to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)) (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)). "[A] motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production." *Id.* (quoting *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 622 n.2 (10th Cir. 1982)).

The Court enjoys "broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *Saenz v. Lovington Mun. Sch. Dist.*, No. 2:14-cv-1005 JB/SMV, 2015 WL 1906140, at *9 (D.N.M. Apr. 6, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The Tenth Circuit recognizes the Court's discretion to stay lawsuits pending rulings on motions for qualified immunity. *See id.* (discussing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)). In fact, the "[s]tandard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Est. of Mirabal v. Wexford Health Sources, Inc.*, No. 2:24-cv-0146 JCH/KRS, 2024 WL 1376810, at *1 (D.N.M. Apr. 1, 2024) (quoting *Higgins v. Saavedra*, No. 1:17-cv-0234 WPL/LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017)). "This is because '[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]'" *Id.* (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). "Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved." *Id.* (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).

## III. Analysis

Defendants ask the Court to stay discovery pending a decision on whether Mendez is

entitled to qualified immunity and to issue a protective order with respect to previously served discovery. (*See* Doc. 75 at 3.) Alvarado opposes the motion on two main grounds: first, he argues that Defendants fail to show good cause for a protective order because their motion was untimely filed (Doc. 78 at 2–4, 10–11); and second, he contends that he is entitled to limited discovery under Rule 56(d) (*id.* at 4–10, 12–13). The Court finds both arguments unavailing for purposes of the motions currently under consideration.

Alvarado served the discovery at issue on August 5, 2026, making Defendants' responses due on September 4, 2026. (*See id.* at 1 (citing Doc. 64); *see also* Doc. 67 at 1.) Alvarado argues that the motion for protective order, filed on September 6, 2026, was two days late. (*See id.* at 3 (citing *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d at 622 n.2).) Plaintiff acknowledges, however, that Defendants' objections to the discovery requests, timely served on September 4, 2026, explained that they would be filing a motion for summary judgment on the basis of qualified immunity over the upcoming weekend. (*See* Doc. 79 at 4; *see also, e.g.*, Doc. 79-1 at 2 (objecting to Interrogatory No. 1 on the basis that "State Defendant is entitled to a stay of discovery as they have raised the defense of qualified immunity against Plaintiff's claims in this matter" and citing their dispositive motion "to be filed this weekend").)

Defendants disagree that their motion was untimely and rely on the Tenth Circuit's decision in *Cole*. (*See* Doc. 89 at 3.) In that case, the district court held a hearing on September 21 and ordered the parties to take certain depositions October 8–10, less than three weeks later. *See Cole*, 43 F.3d at 1386. During the hearing, defense counsel did not indicate that they intended to file a dispositive motion based on qualified immunity. *See id.* On October 3, five days before the depositions were set to occur, defendants filed a "motion for summary judgment and a related motion for protective order regarding the scheduled depositions." *Id.* The motion for a protective

order did not certify that defense counsel conferred with plaintiff's counsel as required by the local rules. *See id.* Given the pending motion that raised qualified immunity, the district court granted the stay. *See Cole v. Ruidoso Mun. Schs.*, 137 F.R.D. 357, 358 (D.N.M. 1991). The district court further found, though, that defense counsel failed "to bring the motions in a . . . timely fashion" and thus granted the motion for protective order subject to certain monetary sanctions. *See id.* On appeal, the Tenth Circuit found that the district court did not abuse its discretion in imposing sanctions after the "last-minute filing" of the dispositive motion. *See Cole*, 43 F.3d at 1386–87.

Although the issue on appeal in *Cole* was whether the district court abused its discretion in ordering monetary sanctions for the late-filed motion,[1] the Tenth Circuit recognized the trial court's discretion in determining whether to allow or deny discovery and the basic tenet "that qualified immunity is an important protection against subjecting government officials 'either to the costs of trial or to the burdens of broad-reaching discovery . . . .'" *Id.* at 1387 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (subsequent citations omitted). Here, the Court will exercise its discretion to grant Defendants' motion for a protective order, despite their two-day delay in filing it.

What's more, it is this district's "standard practice" to grant a stay of discovery "as to all defendants" when any one defendant raises a qualified immunity defense. *See Higgins*, 2017 WL 1437317, at *1 (citing *Workman*, 958 F.2d at 336; *Herrera v. Santa Fe Pub. Schs.*, No. 1:11-cv-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012)). "The Court sees no reason to

---

[1] Defendants assert the Tenth Circuit held "that even an untimely filing does not forfeit the right to protection." (*See* Doc. 89 at 3 (citing *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).) That assertion is incorrect. While it is undisputed that the Tenth Circuit "acknowledged a district court's discretion in issuing discovery stays" in circumstances analogous to those here, *see Saenz*, 2015 WL 1906140, at *9 (discussing *Cole*, 43 F.3d at 1386), the *Cole* court noted that there was "no showing that there was an abuse of the limitations for discovery on the qualified immunity issue." *Cole*, 43 F.3d at 1387. Rather, the "question [was] whether the trial judge abused his discretion by requiring defendants to reimburse costs and expenses incurred by plaintiff as a result of defendants' untimely actions and their inadequate explanations for them." *Id.*

depart from [that] general rule" and will grant a stay of discovery pending a decision on qualified immunity. *See Encinias v. Sanders*, No. 1:20-cv-1005 WJ/SCY, 2021 WL 1634406, at *2 (D.N.M. Apr. 27, 2021).

Still, Alvarado argues that he is entitled to limited discovery "to test the factual basis for qualified immunity." (*See* Doc. 79 at 9.) The issue of whether Alvarado may conduct limited discovery under Rule 56(d), however, is not properly before the undersigned. Rather, the presiding judge will decide Alvarado's Motion for Leave to File Rule 56(d) Affidavit and to Conduct Limited Discovery (Doc. 80) in conjunction with the Motion for Summary Judgment (Doc. 73).

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion for a Protective Order to Stay Discovery Pursuant to the Doctrine of Qualified Immunity Pending a Decision on State Defendants' Motion for Summary Judgment on All Claims (Doc. 75) is **GRANTED** and discovery in this lawsuit is **STAYED** pending a decision on qualified immunity. This Order has no effect on Plaintiff's Motion for Leave to File Rule 56(d) Affidavit and to Conduct Limited Discovery. (Doc. 80.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel State Defendants' Responses to Plaintiff's First Set of Discovery (Doc. 79) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE